**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

| | |
|---|---|
| LORENZO ALVAREZ-SANTOS, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. C 13-4051-MWB <br> (No. CR 11-4049-MWB) <br><br> **MEMORANDUM OPINION AND ORDER REGARDING RESPONDENT'S MOTION TO DISMISS PETITIONER'S § 2255 MOTION AS UNTIMELY** |

_____

On June 7, 2013, the Clerk of Court received, and on June 11, 2013, the Clerk of Court filed petitioner Lorenzo Alvarez-Santos's *pro se* Application To Proceed In District Court Without Prepaying Fees Or Costs (IFP Application)[1] (Civ. docket no. 1), dated May 14, 2014. Alvarez-Santos attached to his IFP Application a copy of a report of his prison account, dated May 29, 2013; his *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aide, Or Correct A Sentence By A Person In Federal Custody (§ 2255 Motion), dated May 14, 2013; and a cover letter to the Clerk of Court, listing all of these items, dated June 3, 2013. Alvarez-Santos's § 2255 Motion seeks relief from his guilty plea, on July 12, 2011, to one count of possessing with intent to distribute 50 grams or more of actual (pure) methamphetamine, in violation of 21 U.S.C. § 841, and his sentence

---

[1] I have called this Application Alvarez-Santos's "IFP Application," because an application to proceed without prepayment of fees or costs is routinely described as an application to proceed *in forma pauperis*.

to 135 months of imprisonment, on May 15, 2012, *see* Judgment (Crim. docket no. 135) (entered May 16, 2012). Alvarez-Santos did not appeal his conviction or sentence. By Order (Civ. docket no. 2), filed June 11, 2013, I granted Alvarez-Santos's IFP Application; directed the Clerk of Court to file Alvarez-Santos's § 2255 Motion (which was filed at Civ. docket no. 3); and directed the respondent to file an answer or response to Alvarez-Santos's § 2255 Motion on or before August 12, 2013.

In his *pro se* § 2255 Motion, Alvarez-Santos asserts the following four claims for § 2255 relief: (1) failure of trial counsel to raise or advise him about the "safety valve" under U.S.S.G. § 5C1.2, when negotiating Alvarez-Santos's plea agreement; (2) failure of the sentencing court to reduce Alvarez-Santos's sentence for acceptance of responsibility, under U.S.S.G. § 3E1.1(a), although the factual allegations supporting this claim refer to the court's denial of a "downward variance," despite his cooperation and admission of responsibility; (3) error (apparently by both the court and trial counsel) in denying a four-level reduction without which Alvarez-Santos claims he would never have agreed to plead guilty; and (4) trial counsel's failure to contest the lack of a four-level reduction during sentencing. In response to paragraph 18 of the form § 2255 Motion, which directs a petitioner to explain why his § 2255 Motion was not being filed within one year of his judgment of conviction, Alvarez-Santos averred as follows:

> Throughout this last calendar year, movant was awaiting word on any pending appeal. This was only through the claim of former counsel. Once contacting the Appellate Court to inquire on any appeal status, it was gathered that movant had no appeal motion pending. Movant submits this motion only following the confirmation of no other post-conviction proceeding being currently under review. Movant's sentencing took place May 15, 2012.

§ 2255 Motion, ¶ 18.

On June 20, 2013, the respondent filed the Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 4) now before me. In that Motion, the respondent argues that the deadline for filing of Alvarez-Santos's § 2255 Motion, under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255(f), expired on May 26, 2013, one year after the deadline for Alvarez-Santos to appeal the judgment in his case expired. The respondent points out that Alvarez-Santos did not file his § 2255 Motion until June 3, 2013, the date of his cover letter to the Clerk's Office with his IFP Application and § 2255 Motion. Consequently, the respondent asserts that Alvarez-Santos's § 2255 Motion was seven days late. The respondent also asserts that Alvarez-Santos has not asserted any explanation for waiting a full year for an appeal that was never filed before filing his § 2255 Motion, so that there are no circumstances justifying equitable tolling of the statute of limitations for his § 2255 Motion. Therefore, the respondent seeks dismissal of Alvarez-Santos's § 2255 Motion as untimely.

By Order (Civ. docket no. 5), filed June 21, 2013, I directed Alvarez-Santos to file, with the aid of counsel, a response to the respondent's Motion To Dismiss on or before July 31, 2013, and gave the respondent to and including August 16, 2013, to file any reply brief. After extensions of time to file a response, counsel for Alvarez-Santos filed a Report To The Court And Motion For Permission To Withdarw (Civ. docket no. 14) on November 27, 2013. In counsel's Report And Motion, counsel stated that, after a "thorough review of the record," and communication with Alvarez-Santos, counsel had concluded that Alvarez-Santos had adequate command of English to communicate with counsel and the court without the assistance of an interpreter; that Alvarez-Santos asserted that he prepared his *pro se* § 2255 Motion and placed it in the prison mailing system on May 14, 2013, notwithstanding that his letter transmitting his § 2255 Motion and IFP Application was dated June 3, 2013; and that, if his § 2255 Motion was not timely under

3

the "mailbox rule," that "equitable tolling" should apply, because Alvarez-Santos was "diligent" in preparing his § 2255 Motion, because he is not well-educated and English is not his first language. Counsel submitted an *Anders* Brief (Civ. docket no. 15) in support of Alvarez-Santo's § 2255 Motion, incidentally addressing the timeliness issue, but requested that Alvarez-Santos be allowed to submit a *pro se* brief, as well.

In an Order (Civ. docket no. 16), filed on December 2, 2013, I granted counsel's Motion To Withdraw, gave Alvarez-Santos to and including January 11, 2014, to file a supplemental brief in support of his resistance to respondent's Motion To Dismiss, and gave the respondent to and including February 1, 2014, to file any reply. Alvarez-Santos did not file any supplemental brief, nor did the respondent file any reply.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).[2] Although factual "plausibility" is ordinarily the central focus of Rule 12(b)(6) motions to dismiss under the *Twom-bal* standard,[3] various federal Circuit

---

[2] In *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999), the Eighth Circuit Court of Appeals held that the references to a "period of limitation" and a "limitation period" in 28 U.S.C. § 2255(f) "does not purport to limit the jurisdiction of the courts," and, as such, is subject to "equitable tolling." 173 F.3d at 1134. More importantly, here, because the "statute of limitations" in § 2255(f) is not "jurisdictional," a motion to dismiss based on untimeliness is a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

[3] The "*Twom-bal* standard" is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

4

Courts of Appeals have expressly recognized, and the Eighth Circuit Court of Appeals has suggested, that the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory, in addition to permitting dismissal for factual implausibility. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"); *cf. Brown v. Mortgage Electronic Registration Sys., Inc.*, 738 F.3d 926, 933 n.7, 934 (8th Cir. 2013) (noting the appellate court's agreement "with the district court's sound reasoning that the facts pled do not state a cognizable claim under Arkansas law" and holding that dismissal pursuant to Rule 12(b)(6) was appropriate, because Arkansas law did not impose the purported duty on which an unjust enrichment claim and a state statutory claim were based). It is precisely the lack of a cognizable legal theory for Alvarez-Santos's § 2255 Motion, because it is untimely, that is the proper basis for the respondent's Motion To Dismiss in this case.

On the respondent's Motion To Dismiss pursuant to Rule 12(b)(6) in this case, I may consider the docket in the underlying criminal case, from which Alvarez-Santos seeks § 2255 relief, because it is "'incorporated by reference or integral to [his] claim,'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)), and because it is "'necessarily embraced by the pleadings.'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)).

As amended by the AEDPA, 28 U.S.C. § 2255(f) provides as follows:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
>> **(1)** the date on which the judgment of conviction becomes final;
>>
>> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Thus, the AEDPA "imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (citing *Johnson v. United States*, 544 U.S. 295, 299 (2005)).

On a § 2255 motion, I am not required to accept as true every allegation that a petitioner makes, if it is contrary to record evidence. *Cf. Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977) (making clear that summary dismissal pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings is appropriate where the allegations are vague or conclusory, palpably incredible, or patently frivolous or false). Thus, I am not constrained to accept Alvarez-Santos's assertion that he placed his § 2255 Motion in the prison mail system on May 14, 2013, notwithstanding that he typed that date on his

§ 2255 Motion and certificate of service, where his assertion is "palpably incredible" and/or "patently . . . false." Specifically, his assertion that his § 2255 Motion was mailed on May 14, 2013, cannot stand, where his § 2255 Motion was mailed to the Clerk of Court with his IFP Application, a report of his inmate account dated May 29, 2014, and a cover letter, signed by Alvarez-Santos, dated June 3, 2013. Indeed, the Clerk of Court did not receive these documents until June 7, 2013. I conclude that the earliest possible filing date for Alvarez-Santos's § 2255 Motion is June 3, 2013, but his deadline under § 2255(f) expired on May 26, 2013. Consequently, his § 2255 Motion is untimely.

This conclusion leaves only "equitable tolling" to save Alvarez-Santos's § 2255 Motion for consideration on the merits. The Eighth Circuit Court of Appeals recently summarized the requirements for "equitable tolling" of the "limitations period" in § 2255(f) for a § 2255 motion, as follows:

> The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (applicable to section 2254 petitions); *see also United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir.2005) (applying same rule to section 2255 motions). We review this claim de novo. *See Martin*, 408 F.3d at 1093.

*Muhammad*, 735 F.3d at 815.

In Alvarez-Santos's counsel's Report To The Court And Motion For Permission To Withdraw and in counsel's *Anders* Brief, counsel really only addresses the "diligence" requirement for equitable tolling. The Eighth Circuit Court of Appeals has explained, "The diligence required for equitable tolling purposes is 'reasonable diligence' not 'maximum feasible diligence.'" *Id.* at 816 (quoting *Holland v. Florida*, 560 U.S. 631,

653 (2010), with internal citations and quotation marks omitted). I have previously held that a prisoner does not necessarily have to act "immediately" to file a § 2255 Motion, after becoming aware that his counsel had not taken appropriate action or that the § 2255(f) deadline was imminent or had passed. *See Koons v. United States*, ___ F. Supp. 2d ___, 2014 WL 357734, *7 (N.D. Iowa Jan. 31, 2014). Even so, "reasonable diligence" requires a prisoner *to do something more* than watch the statute of limitations run out, where the record would show to a duly diligent person that no appeal had been filed and no other action to delay the running of the statute of limitations had occurred in his case. *Cf. Anjulo-Lopez v. United States*, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding that the prisoner had not acted diligently, where he waited an entire year before he even tried to contact his attorney about his appeal, and the lack of any notice of appeal was a matter of public record, which a duly diligent person in the prisoner's position could have discovered). Alvarez-Santos has not even identified the date on which he purportedly learned, from inquiry to the Clerk of the Eighth Circuit Court of Appeals, that no appeal had been filed on his behalf. Finally, nothing in the record suggests that the grounds for Alvarez-Santos's claims for § 2255 relief were unknown or unknowable to him long before his deadline to file his § 2255 Motion expired. *Compare United States v. Martin*, 408 F.3d 1089, 1091-92 (8th Cir. 2005) (concluding that a prisoner had acted diligently, even though he did not file his § 2255 motion until almost five months after his deadline, where his attorney had told him that there was no deadline). I conclude that Alvarez-Santos was not "diligent," as required to take advantage of "equitable tolling."

The nearest Alvarez-Santos and his counsel come to addressing the "extraordinary circumstances" requirement for equitable tolling is to argue that his limited education and the fact that English is not his native language should excuse the untimeliness of his § 2255 Motion. I believe that these circumstances fall well short of the "extraordinary circumstances" required for "equitable tolling." *See Muhammad*, 735 F.3d at 815.

8

There is no hint that anyone—trial counsel, the Clerk of Court for the Eighth Circuit Court of Appeals, or anyone else associated with this court or the appellate court—misled Alvarez-Santos about the filing of an appeal or the fact that no appeal had ever been filed. *Id*. at 816; *see also Holland*, 130 S.Ct. at 2564; *Martin*, 408 F.3d at 1095. Furthermore, because I found, above, that Alvarez-Santos patently misrepresented the date that he mailed his § 2255 Motion, and, thus, suffers from "unclean hands," I find that it would be particularly inappropriate to grant him any "equitable" relief from the untimeliness of his § 2255 Motion.

Consequently, I find no basis to equitably toll Alvarez-Santos's deadline for filing of his § 2255 Motion, and the respondent's Motion To Dismiss, seeking dismissal of Alvarez-Santos's § 2255 Motion as untimely is granted. Indeed, I conclude that Alvarez-Santos has failed to make a substantial showing that any issue concerning the untimeliness of his § 2255 Motion, including "equitable tolling," is debatable among reasonable jurists, that a court could resolve any such issue differently, or that any such issue deserves further proceedings. Consequently, a certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36; *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

THEREFORE,

1.  The respondent's June 20, 2013, Motion To Dismiss Petitioner's Motion Under 28 U.S.C. § 2255 (Civ. docket no. 4) is **granted**;

2.  This action is **dismissed with prejudice** as untimely under 28 U.S.C. § 2255(f);

3.  Judgment shall issue accordingly; and

4. No certificate of appealability will issue.

**IT IS SO ORDERED**.

**DATED** this 7th day of May, 2014.

                                            */s/ Mark W. Bennett*
                                            MARK W. BENNETT
                                            U.S. DISTRICT COURT JUDGE
                                            NORTHERN DISTRICT OF IOWA